UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:09-CV-1788 (CEJ) |
| ST. LOUIS BRICK and STONE CO., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant St. Louis Brick and Stone Company, pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on December 18, 2009. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on January 28, 2010.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are four employee benefit plans (the Welfare, Pension, Vacation, and Training Funds), their trustees, and the Laborers Local 42-53-110. Defendant St. Louis Brick and Stone Company is a party to a collective bargaining agreement with the Laborers Local 42-53-110. Plaintiffs contend that defendant failed to make timely contributions in the form of stamp purchases as required under the terms of the collective bargaining agreement. They seek $42,529.92 in delinquent contributions, $8,506.06 in liquidated damages, $3,578.82 in interest, and $2,450.00 in payroll examination fees for the period of October 1, 2007

through June 30, 2008.  Plaintiffs additionally seek $252.00 in attorneys' fees, and $590.50 in court costs.

Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement.  29 U.S.C. § 1145.  Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorneys' fees, and costs.  29 U.S.C. § 1132(g)(2).

On October 5, 2007, defendant and the Laborers Local 42-53-110 entered into a collective bargaining agreement, which remains in effect until February 28, 2010.  The collective bargaining agreement obligates defendant to make contributions to the Vacations Funds (Article 7), Welfare and Pension Funds (Article 8), and Training and Apprentice Funds (Article 19).  Employers make contributions by "the purchase of stamps as provided in Article 8, Section 8." (Doc. #5-6, at 7, 15).  Section 8 of Article provides that "[s]tamps shall be purchased from Commerce Bank of St. Louis, N.A., or such other Federally insured bank or banks as the trusts and organizations involved may determine."  Id. at 9.  Defendant is required to make the required payments through stamp purchases to the trusts for each covered employee, and is subject to liquidated damages and interest for untimely payments, plus attorneys' fees and costs incurred in recovering those damages.  Id. at 6.  The collective bargaining agreement also obligates defendant to make contributions to the Mason Contractors Association (MCA).  Id. at 10.

Plaintiffs submit the affidavit of Bernard Difani, the Administrative Manager for the Vacation, Welfare, Pension, Training and Apprentice Funds.  In his supplemental affidavit,[1] Difani argues that defendant failed to make contributions as required under

---

[1] The record does not include Difani's original affidavit.

the collective bargaining agreement. (Doc. #5-4). Exhibit A sets forth the delinquent contributions from October 1, 2007 through June 30, 2008. (Doc. #5-9, at 2-3). The exhibit includes delinquent contributions for the Pension, Welfare, Training, and Vacation Funds as well as the MCA and MDT. Upon careful review, the Court finds the collective bargaining agreement does not mention the acronym "MDT." Id. However, as stated above, the collective bargaining agreement obligates defendant to make contributions to the MCA as well as the Pension, Welfare, Training, and Vacation Funds. Thus, the Court will deduct $1,217.15 for MDT delinquent contributions from the $42,529.92 total. As such, the Court concludes that plaintiffs have established that they are entitled to collect $41,312.77 in delinquent contributions for the period from October 1, 2007 to June 30, 2008.

Section 5(c) of Article 8 of the collective bargaining agreement sets liquidated damages to "a sum equal to twenty percent (20%) of the Employer fringe benefit and contribution payment due for the number of mason tender hours worked during the month for which the report is delinquent." (Doc. #5-6, at 8). Likewise, pursuant to section 5(f) of Article 8, defendant agreed that, "in addition to the amount found due and owing, interest at the maximum annual rate allowed by the State of Missouri computed from the due date of unpaid fringe benefits and Employer contributions." Id. Exhibit A sets forth calculations for liquidated damages and interest for the Pension, Welfare, Training, and Vacation Funds as well as the MCA and MDT. (Doc. #5-9, at 2-3). As stated above, the provisions of the collective bargaining agreement does not mention the acronym "MDT." The Court, however, finds that plaintiffs' evidence establishes that they are entitled to liquidated damages for the other employee benefit plans. The Court will deduct the liquidated damages and interest calculated for the MDT, which includes $243.44 in liquidated damages and $101.46 in

interest. As such, the Court finds that plaintiffs are entitled to recover liquidated damages in the amount of $8,271.62 and interest in the amount of $3,477.36.

Section 5(d) of Article 8 of the collective bargaining agreement provides that:

> The Employer agrees that any of the trust organizations or agencies receiving a portion of the Employer's fringe benefit or contribution payments, singularly or as a group, have the right to verify the accuracy of the Employer's monthly reports and reconcile the number of mason tender hours worked in any given month with the number of stamps purchased. . . . If such examination shows that the Employer has not made full reporting of the number of hours worked in a given month, or if the Employer has not purchased stamps equal to the number of hours worked, the cost of the examination shall be paid by the Employer.

(Doc. #5-6, at 8). Plaintiff submits the affidavit of Brad Soderstrom, an accountant with the firm of Wolfe Nilges Nahorski (WNN). (Doc. #5-8). In his affidavit, Soderstrom states that WNN conducted a payroll examination of defendant's records and billed plaintiffs $2,450.00 for the financial analysis. Attached to Soderstrom's affidavit are the spreadsheets setting forth the calculations of the unpaid contributions, liquidated damages, and interest requested by plaintiffs. (Doc. #5-9).

Plaintiffs also submit the affidavit of their attorney, Michael E. Evans. In his affidavit, Evans states that the standard hourly rate for his services was $155.00 in 2009 and is $165.00 in 2010, and that he "performed a total to 2.3 hours of services regarding this matter in 2009 and 2010." (Doc. #5-2). However, Evans does not explain what portion of his legal services were performed in 2009 and 2010. Id. Additionally, Evans states that a legal assistant performed 0.8 hours of work, billed at $75 per hour, for a fee of $60.00, and the court costs included $350.00 for filing fee and $240.50 for service of process, for a total of $590.50. (Doc. #5-2). Based on the foregoing, the Court finds that only the $60 legal assistant expense and the $590.50 court costs shall be included in the judgment.

Based upon its review of the record, the Court finds that plaintiffs have established their right to recover the requested amounts, except for those sought for unpaid contributions, liquidated damages, and interest for the MDT as well as Evans's legal services. Therefore, the Court concludes that plaintiffs are entitled to default judgment against St. Louis Brick and Stone Company in the amount of $56,161.65, which includes $41,312.17 for unpaid contributions, $8,271.62 for liquidated damages, $3,477.36 for interest, $2,450.00 for the payroll examination, $60 for legal assistant fees, and $590.50 for court costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant St. Louis Brick and Stone Company [Doc. #4] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2010.